# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**JOSEPH B. THOMPSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lake County**
No. 15CR10023    R. Lee Moore, Jr., Judge

_____

**No. W2015-01563-CCA-R3-HC  -  Filed March 21, 2016**

_____

The Petitioner, Joseph B. Thompson, appeals the trial court's denial of his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Joseph B. Thompson, Tiptonville, Tennessee, Pro Se (on appeal); and James E. Lanier, District Public Defender (at hearing), for the Appellant, Joseph B. Thompson.

Herbert H. Slatery III, Attorney General and Reporter; and Rachel W. Willis, Senior Counsel, for the Appellee, State of Tennessee.

## OPINION

The Petitioner was convicted by a Sullivan County jury of aggravated robbery and aggravated kidnapping. He was sentenced as a Range II, multiple offender to twenty years at 35% for the aggravated robbery conviction and as a Range II, violent offender to twenty years at 100% for the aggravated kidnapping conviction. The trial court ordered that the sentences be served consecutively, for an effective sentence of forty years. This court affirmed the trial court's judgments on direct appeal. *See State v. Joseph B.*

*Thompson*, No. E2002-00061-CCA-R3-CD, 2003 WL 1202979, at *1 (Tenn. Crim. App. Mar. 17, 2003), *perm. app. denied* (Tenn. June 30, 3003).

The Petitioner then filed a petition for post-conviction relief. The post-conviction court dismissed the petition, and this court affirmed the dismissal on appeal. *See Joseph B. Thompson v. State*, No. E2004-00920-CCA-R3-PC, 2003 WL 2546913, at *1 (Tenn. Crim. App. Oct. 12, 2005), *perm. app. denied* (Tenn. Jan. 30, 2006).

The Petitioner filed a pro se petition for habeas corpus relief in which he argued that his judgments were void because his sentences were enhanced in violation of his right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004). The trial court dismissed the petition, and this court affirmed the dismissal on appeal. *See Joseph B. Thompson v. Tony Parker, Warden*, No. W2005-01463-CCA-R3-HC, 2005 WL 3533321, at *1 (Tenn. Crim. App. Dec. 22, 2005).

In September 2008, the Petitioner filed a second pro se petition for writ of habeas corpus in which he alleged the same grounds for relief as in his first petition. The trial court dismissed the petition, and this court affirmed the dismissal on appeal. *See Joseph B. Thompson v. Tony Parker, Warden*, No. W2008-02399-CCA-R3-HC, 2009 WL 4723404, at *1 (Tenn. Crim. App. Dec. 9, 2009). This court held that any violation under *Blakely* would render the Petitioner's judgments voidable rather than void and that as a result, he was not entitled to habeas corpus relief. *Id.*at *3. This court further held that *Blakely* does not apply retroactively to cases on collateral appeal. *Id.* (citations omitted). Finally, this court held because the Petitioner's claims were previously determined by this court, the law of the case doctrine barred reconsideration of the issues raised. *Id.* at *4.

On February 25, 2015, the Petitioner filed a third pro se petition for writ of habeas corpus in which he again alleged that he was illegally sentenced in violation of *Blakely*. The Petitioner also relied upon *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), to support his argument. Following a hearing, the trial court entered an order on July 13, 2015, denying the Petitioner's petition. The Petitioner filed a motion to reconsider, which the trial court denied on August 3, 2015. The Petitioner then filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; *see* T.C.A. §§ 29–21–101 to –130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of

imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161–64). However, as the Tennessee Supreme Court stated in *Hickman v. State*:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); *see Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

This court has repeatedly held that the Petitioner is not entitled to habeas corpus relief based upon his claim that his sentences violated *Blakely*. *See Joseph B. Thompson*, 2009 WL 4723404, at *3-4; *Joseph B. Thompson*, 2005 WL 3533321, at *2. The Petitioner relies upon *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), in which the Sixth Circuit Court of Appeals granted the petitioner relief for a *Blakely* violation under the federal habeas corpus statute, 28 U.S.C. § 2254(a), which allows habeas relief to a state prisoner who establishes that he is "in custody in violation of the Constitution or laws or treaties of the United States." Unlike the federal habeas corpus statute, habeas corpus relief in Tennessee state courts is available to prisoners who establish that the judgments are void and not merely voidable or that their sentences have expired. *See Archer*, 851 S.W.2d at 164; *Potts*, 833 S.W.2d at 62. If the Petitioner were able to establish that his sentences violated *Blakely*, "this would render his judgments voidable rather than void." *Joseph B. Thompson*, 2009 WL 4723404, at *3. The Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such

3

judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
ALAN E. GLENN, JUDGE